IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.R., | : No. 3:15cv1780 |
|     **Plaintiff** | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| JEFFREY NORRIS, JAMES TALLERICO, and MONTROSE AREA SCHOOL DISTRICT, | : |
|     **Defendants** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff A.R. (hereinafter "plaintiff") asserts Title IX and constitutional tort claims arising from her former teacher, Defendant Jeffrey Norris, allegedly sexually abusing her while a student at Defendant Montrose Area School District (hereinafter "Montrose"), where Defendant James Tallerico served as principal. Before the court for disposition is plaintiff's motion to remand this case to the Court of Common Pleas of Lackawanna County, Pennsylvania. For the reasons that follow, the court will grant plaintiff's motion.

**Background**

According to plaintiff's complaint, the facts are as follows: In the fall of 2006, plaintiff, then fourteen (14) years old, began her freshman year at Montrose Area High School. (Doc. 1-1, Compl. ¶ 6). Defendant Norris, plaintiff's English teacher, flirted with plaintiff and expressed his desire to

begin a sexual relationship.  (Id. ¶¶ 10-19).  Defendant Norris continued flirting with plaintiff and, in the spring of 2007, engaged in the statutory rape of a minor by having sexual intercourse with plaintiff on two separate occasions.  (Id. ¶¶ 19, 27).

Prior to Defendant Norris's statutory sexual assault, plaintiff asserts high school officials, including Defendant Tallerico, knew of the romantic relationship.  (Id. ¶¶ 41-55).  These school officials, however, summarily dismissed the allegations.  (Id. ¶ 75).  Moreover, the school officials failed to develop a comprehensive safety plan to protect plaintiff's well-being.  (Id. ¶ 55).  Rather, the school officials continued to employ Mr. Norris and allowed him to continue teaching students, including plaintiff.  (Id. ¶ 56).

Based on these factual allegations, plaintiff filed a four-count complaint pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., and 42 U.S.C. § 1983 on July 23, 2015 in the Court of Common Pleas of Lackawanna County, Pennsylvania.  (Doc. 1-1).  On September 11, 2015, Defendant Montrose filed a notice of removal.  (Doc. 1).  Plaintiff filed a motion to remand on October 1, 2015.  (Doc. 9).  The parties briefed their respective positions and the matter is ripe for disposition.

**Legal Standard**

Federal law provides that defendants may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The removing defendants bear the burden of proving the existence of federal jurisdiction.  In re Processed Egg Prods. Antitrust Litig., 836 F. Supp. 2d 290, 294 (E.D. Pa. 2011) (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995)).  Defendants must also establish that all pertinent procedural requirements for removal have been met.  Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted).

**Discussion**

To remove a case from state to federal court, a defendant must simply file a notice of removal with the federal district court for the district and division in which the state court action is pending.  28 U.S.C.

3

§ 1446(a).  A defendant's notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The Third Circuit Court of Appeals has held that the failure of all defendants to join in removal is a defect in removal procedure, but not a jurisdictional defect. Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  As such, a plaintiff seeking to remand pursuant to a procedural defect must file a motion to remand under 28 U.S.C. §§ 1447(c) and 1446(a).  Id.

The decision to enter a remand order on the basis of a defect in removal procedure or for a lack of subject matter jurisdiction is within the discretion of the district court, and, whether erroneous or not, is not subject to appeal.  Cook, 320 F.3d at 437 (citing Quackenbush, 517 U.S. at 711-12).  The United States Supreme Court has noted that limiting review of remand orders supports "Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case."

Powerex Corp. v. Reliant Energy Svcs., Inc., 551 U.S. 224, 238 (2007).

In the instant matter, plaintiff filed a timely motion to remand under 28 U.S.C. § 1447(c), alleging a procedural defect in Defendant Montrose's notice of removal. Specifically, plaintiff argues each codefendant did not join in the notice of removal or submit with the court their written consent to removal.

Defendant Montrose counters that its notice of removal is proper because Montrose's attorney, in the notice of removal, represented that all properly served codefendants consented to removal. Alternatively, Defendant Montrose argues that remand is unwarranted because, subsequent to removal, Montrose filed with the court email exchanges it had with Defendants Norris and Tallerico, which illustrate Defendants Norris and Tallerico's consent to removal. Therefore, the court must address the form that a codefendant's consent must take and when this consent must be filed with the court.

## A. Codefendant's form of consent

The parties dispute what form a codefendant's consent to removal must take. Plaintiff contends that a removing defendant's notice of removal may not verify a codefendant's consent to removal. Rather, each

codefendant must join in the notice of removal or submit with the court written consent to removal.  Defendant Montrose argues removal is proper because, in the notice of removal, Montrose's attorney represented that all properly served codefendants consented to removal.  The Third Circuit Court of Appeals has not specifically addressed the issue of what form a codefendant's consent must take.  A review of cases from the circuits that have addressed this issue persuades us that a notice of removal is procedurally deficient, and therefore improper, if it merely represents that all properly served codefendants consent to removal.

The Supreme Court has held that removal based on a federal question requires the unanimous consent of all defendants.  See Chi., Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900).  The removal statute itself, however, does not speak directly to the issue of what form a codefendant's consent must take, stating only, "A defendant or defendants desiring to remove any civil action from State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1446(a).  Neither the Supreme Court, Congress, nor the Third Circuit Court of Appeals has clarified what form a codefendant's consent must take, and the circuits are split on this issue.

The Second, Fifth and Seventh Circuits, have found that a defendant may not verify consent to removal on another codefendant's behalf. Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012) (finding that codefendants satisfied the unanimity requirement of independently expressing consent to removal by submitting letters to the district court within 30-day removal period); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994), abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (explaining that the removal statute's directive that "all defendants who have been properly joined and served must join in or consent to the removal of the action" means that each codefendant must submit their consent in writing); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (noting unanimity requires "some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action").[1]  Under this view, it is not enough for the removing party

---

[1] District courts in circuits that have not directly addressed this issue agree with the Second, Fifth and Seventh Circuit Courts of Appeals. See Vasquez v. Americano U.S.A., L.L.C., 536 F. Supp. 2d 1253, 1257-59 (D.N.M. 2008) (holding that a lawyer's representation that other defendants consented to removal is insufficient); Michaels v. N.J., 955 F. Supp. 315, 321 (D.N.J. 1996) (stating that consent must be in writing

7

to simply state that the codefendants consent to or do not oppose removal because this verification cannot legally bind the allegedly consenting codefendant.  Roe, 38 F.3d 298 at 301; Getty Oil, 841 F.2d at 1262 n.11.

The Fourth, Sixth, Eighth and Ninth Circuits, on the other hand, have held that a statement in one defendant's timely notice of removal that its codefendants consent to removal is sufficient.  Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1188 (8th Cir. 2015) (notice of removal signed and filed by attorney for one defendant and representing unambiguously that other defendants consented to removal satisfies the removal statute's unanimous consent requirement); Mayo v. Bd. of Educ., 713 F.3d 735, 742 (4th Cir. 2013) (same); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (same); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004) (same). The Fourth, Sixth, Eighth and Ninth Circuits believe the potential for Rule 11 sanctions and a codefendant's opportunity to "alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous

---

directed to the court); Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994) (finding that a removing defendant's statement in the notice of removal that codefendants consent to removal is insufficient).

consent and forcing codefendants into a federal forum against their will." Griffioen, 785 F.3d at 1187-88; see also Mayo, 713 F.3d at 724 (explaining that codefendants can bring misrepresentations to the court's attention, leading to Rule 11 sanctions); Proctor, 584 F.3d at 1225 (stating that the availability of sanctions and objection minimize policy concerns).

After a careful review, we find the reasoning of the Second, Seventh and Fifth Circuits to be persuasive for two reasons.  First, the Third Circuit's directive that "the removal statute should be strictly construed and all doubts resolved in favor of remand," Abels, 770 F.2d at  29, militates against the Fourth, Sixth and Eighth circuit's policy argument pertaining to Rule 11 sanctions.  Specifically, a strict interpretation of the removal statute yields the inescapable conclusion that a removing defendant may not verify that all properly served defendants consent to removal because that language does not exist in the removal statute.

Second, several district courts within the Third Circuit agree with and apply the Second, Fifth and Seventh Circuit's rule that a removing defendant's notice of removal may not verify another codefendant's consent to removal.  See Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) (indicating that it is well-settled in this district

that one defendant may not speak for another in filing a notice of removal and each consenting codefendant must either sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court) (citations omitted); Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (finding that the "unanimity of consent" rule is satisfied when "some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."); Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 164 (E.D. Pa. 1995) (same); Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994) (same); see also King v. Mansfield Univ. of Pa., No. 1:15-CV-0159, 2015 WL 4647637, at *3 (M.D. Pa. Aug. 5, 2015) (unanimity requires some timely filed written consent from each codefendant); Pocono Springs Civic Ass'n, Inc. v. Rich One, Inc., No. 00-CV-2034, 2001 WL 114390, at *2 (M.D. Pa. Jan. 29, 2001) (rejecting removing defendant's argument that requiring all codefendants to join in the notice of removal or submit their consent to removal within thirty days after service of plaintiff's complaint places form over substance, and finding that each codefendant must clearly and unambiguously join in or

consent to removal). Ergo, we hold that a removing defendant, in their notice of removal, may not verify that all properly served codefendants consent to removal. Rather, a codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court.

Having determined what form a codefendant's consent to removal must take, we next determine whether Defendants Norris and Tallerico's consent to removal is proper. Defendant Montrose filed a notice of removal on September 11, 2015. (Doc. 1). Defendants Norris and Tallerico did not expressly join in or consent to this notice of removal. Rather, the notice of removal states that "the undersigned hereby verifies that all Defendants who have been properly joined and served consent to the removal of this action." (Doc. 1, Notice of Removal ¶ 13). Because we have found that a removing defendant may not verify that all properly served codefendants consent to removal, Defendant Montrose's notice of removal contravenes the rule of unanimity and is therefore procedurally deficient. Pietrangelo, 686 F.3d at 66; Roe, 38 F.3d at 301; Getty Oil Corp., 841 F.2d at 1262 n.11; Ogletree, 851 F. Supp. at 188.

**B. Defendants Norris and Tallerico's subsequent written consents**

Defendant Montrose next argues that remand is unwarranted because, subsequent to removal, Defendants Norris and Tallerico filed with the court their written consents to removal. Plaintiff contends that the rule of unanimity requires that any consent to removal be given within thirty days from the date an individual defendant is served. Defendant Norris and Tallerico's consents were provided more than thirty days after receiving plaintiff's complaint, and therefore, are untimely and cannot cure Defendant Montrose's procedurally defective notice of removal. We agree with plaintiff.

The Second and Fifth Circuit Courts of Appeals have held that all served defendants must join in the removal petition prior to the expiration of the thirty day removal period. Powers v. U.S., 783 F.3d 570, 576 (5th Cir. 2015); Pietrangelo, 686 F.3d at 66; see also 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 3739 at 824 (4th ed. 2009) ("[I]f fewer than all defendants who must join the removal fail to do so within" thirty days of service of the state-court complaint, any subsequent written consent to removal cannot cure this procedural defect).

Moreover, district courts within the Third Circuit require that all codefendants join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint. Green, 305 F. Supp. 2d at 450; Ogletree, 851 F. Supp. at 186-87.  Any subsequent written notice of consent filed outside this prescribed thirty day period is defective. Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012); Ramos v. Quien, 631 F. Supp. 2d 601, 607 n.2 (E.D. Pa. 2008); see also Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 164 (E.D. Pa. 1995) (finding removal to be proper when each defendant, through counsel, filed its own document evincing intent to remove or join in removal of the action **within thirty days after being served with the complaint**).

The instant case features three defendants: Jeffrey Norris, James Tallerico and Montrose Area School District.  Plaintiff served Defendants Montrose and Norris on August 13, 2015.  (Doc. 15-3).  Plaintiff served Defendant Tallerico on August 18, 2015.  (Doc. 15-2).  Thus, Defendants Norris and Tallerico had until September 17, 2015 to join in, or file with the court, their written consent to Defendant Montrose's notice of removal.

These defendants, however, did not join in the notice of removal nor

file with the court any indication that they consented to removal by September 17, 2015. Rather, Defendant Tallerico expressly consented to removal on October 7, 2015; consent which Defendant Montrose filed with the court on October 16, 2015.[2] (Doc. 22-1, Ex. A). Likewise, Defendant Norris expressly consented to removal on October 8, 2015; consent which Defendant Montrose filed with the court on October 16, 2015. (Doc. 22-2, Ex. B). Therefore, Defendant Montrose's subsequent filings purporting to establish Defendants Norris and Tallerico's consent to removal are untimely and do not cure Montrose' procedurally defective notice of removal. Powers, 783 F.3d at 576; Pietrangelo, 686 F.3d at 66; Green, 305 F. Supp. 2d at 450; Ogletree, 851 F. Supp. at 186-87; Cacoilo, 902 F. Supp. 2d 511 at 518; see also Abels, 770 F.2d at 29 (indicating that "the removal statute should be strictly construed and all doubts resolved in favor of remand").

---

[2] Defendant Tallerico's consent is potentially flawed because he allegedly consented to removal at 3:49 p.m. on October 7, 2015. (Doc. 22-1, Ex. E, Attorney Perry E-Mail dated 10/7/15). Defendant Montrose, however, did not even ask for Defendant Tallerico's consent until 4:05 p.m. on October 7, 2015–sixteen minutes **after** Defendant Tallerico allegedly consented to removal. (Doc. 22-1, Ex. E, Attorney Kozlowski E-Mail dated 10/7/15).

**Conclusion**

For the above-stated reasons, Defendant Montrose Area School District's notice of removal is procedurally defective because a removing defendant, in their notice of removal, may not verify that all properly served codefendants consent to removal.  Rather, a codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court.  Furthermore, all codefendants must join in the notice of removal or file their written consent to removal with the court within thirty days after receiving service of plaintiff's complaint.  Because Defendants Norris and Tallerico consented to removal beyond this thirty day period, their consents are defective.  Accordingly, the court will remand the case back to state court under 28 U.S.C. § 1447(c) on the basis of a procedural defect in Defendant Montrose's notice of removal.  An appropriate order follows.

Date:  11/10/2015                  s/ James M. Munley
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**